CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
SEP 1 3 2010
LODGED____ REC'D____
PAID____ DOCKETED____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 09-64658-fra7 |
| MICHAEL DONOVAN SMITH and JAMIE LYNN SMITH, | |
| Debtors. | |
| MICHAEL DONOVAN SMITH and JAMIE LYNN SMITH, | Adversary Proceeding No. 10-6091-fra |
| Plaintiffs, vs. | |
| FORD MOTOR CREDIT COMPANY, LLC, and CAB WEST, LLC, | |
| Defendants. | MEMORANDUM OPINION |

    Plaintiffs commenced an action against Defendants for damages arising out of the Defendants' post-discharge repossession of a leased motor vehicle. Contempt damages are sought on the grounds that the repossession violated the discharge injunction. In addition, Plaintiffs seek damages under state law for breach of the lease agreement.

    Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The Court finds that the prosecution under the Bankruptcy Code cannot be sustained. It follows that the Court lacks jurisdiction to

Page 1 - MEMORANDUM OPINION

consider any state law claims arising out of the circumstances, and Defendants' motion should be allowed.

## I. MOTION TO DISMISS

Review of a complaint under Fed.R.Civ.P. 12(b)(6)[1] is based on the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. North Slope Borough v. Rogstad (In Re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted). "[O]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955, 1969 (2007)(internal citation omitted).[2] This standard requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the cause of action]." Id. at 1965. However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Naert v. Daff, (In Re Washington Trust Deed Service Corp.), 224 B.R. 109, 112 (9th Cir. BAP 1998).

In considering the motion, the court may not consider any material "beyond the pleadings." Hal Roach Studios. Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, material which is properly submitted as part of the complaint may be

---

[1] Fed.R.Civ.P. 12(b)(6) is made applicable by Fed.R.Bankr.P. 7012(b).

[2] The Bell Atlantic Corp. opinion supercedes that part of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Supreme Court stated that dismissal for failure to state a claim is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim or entitle him to relief.

Page 2 - MEMORANDUM OPINION

considered. Id. Exhibits submitted with the complaint may also be considered. Durning v. The First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Further, a document whose contents are alleged in the complaint, or which is crucial to the complaint, and whose authenticity no party questions, but which is not physically attached to the pleading, may be considered. Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994), cert. den. 119 S. Ct. 510(1998)(contents alleged in, but not attached to, complaint); Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998)(not specifically alleged and unattached, but integral to plaintiffs claims). Finally, matters that may be judicially noticed may be considered, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991), including court records in related or underlying cases. In re American Continental Corp./ Lincoln Sav. & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom., Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998).

## II. FACTS

Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on October 28, 2009. At that time, they were in possession of a 2008 Ford Fusion leased from the Defendants. The vehicle is described in Schedule B (said there to have no value), and as the subject of an executory lease described in Schedule G. Schedule G notes that the Debtors' interest is a "lease on 2008 Ford Fusion $14,000." Neither the vehicle nor the lease are referred to in the Debtors' "Chapter 7

// // //

Individual Debtors' Statement of Intention(s)" filed with their petition pursuant to Code § 521(a)(6).[3]

Although the Debtors' Statement of Intentions does not refer to the lease with Defendants, Defendants – according to colloquy between the Court and parties at oral argument – invited Plaintiffs to fill out and return a reaffirmation agreement. Plaintiffs did so, but, for reasons unknown (at least to the Court), the Defendants declined to enter into a reaffirmation agreement, and the agreement was never signed, much less filed with the Court.

An order granting Plaintiffs their Chapter 7 discharge was entered on January 27, 2010 and the case was closed on that date. Defendants repossessed the leased vehicle on March 3, 2010. Up to that point, the Plaintiffs had never missed or been late on any of the lease payments owed to the Defendants.

### III. PROCEDURAL HISTORY

Plaintiffs' complaint was filed on March 16, 2010. The first two claims of the complaint allege violation of the discharge injunction, and that Defendants' willful violation of the injunction was an act of contempt. The third and fourth claims allege, respectively, violation of

---

[3] At oral argument, Plaintiffs' counsel stated that the Debtors attempted to include in their statement of intentions their desire to assume or reaffirm the lease. However, due to a software error, the information did not find its way into the final version transmitted to and filed with the Court. These unfulfilled good intentions are of no avail: parties are responsible for ensuring that the schedules and other materials filed with the Court are complete. The Debtors' duties under the Code are not excused by technical breakdowns on their or their attorney's part. Moreover, interested parties are entitled to rely on the information provided in the course of a bankruptcy case. See In re Cossio, 163 B.R. 150, 156 (9th Cir. BAP 1994)(internal citation omitted).

Page 4 - MEMORANDUM OPINION

the Uniform Commercial Code as enacted in Oregon, and violation of the lease. The Court dismissed the state law claims, and Plaintiffs filed an amended complaint limited to claims under the Bankruptcy Code.

Defendants have now moved to dismiss the federal claims. FRCP 12(b)(6). Plaintiffs have moved for reconsideration of the Court's earlier determination that the state law claims should not be tried in federal court.

## IV. DISCUSSION

A debtor who wishes to retain leased personal property must sort out and comply with a confusing welter of statutory provisions. Even then, as we'll be seeing, continuation of the lease, and debtor's continued possession of the property, lies solely within the lessor's discretion.

Pertinent statutory provisions appear to run on two separate, and somewhat contradictory veins. One set of statutes is concerned with the process of assumption of the unexpired lease, while the other addresses mandatory notice by the debtor to the lessor.

A. <u>Lease Assumption:</u>

The debtor's interest in an unexpired lease becomes, when the petition is filed, property of the estate, subject to the control of the trustee. Code § 541. Section 365(d) provides:

> (1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or an unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court for cause, within such 60 day period day, fixes, then such contract or lease is deemed rejected.

Page 5 - MEMORANDUM OPINION

Rejection of an unexpired lease by the chapter 7 trustee constitutes a breach of the lease, the leased property ceases to be property of the estate, the automatic stay is terminated, and the lessor is entitled to its state law remedies for such breach. Code §§ 365(g), 365(p)(1).[4] See also Blackburn v. Security Pacific Credit Corp. (In re Blackburn), 88 B.R. 273, 276 (Bankr. S.D. Cal. 1988). However, § 365(p) provides the debtor with an opportunity to assume the lease rejected by the trustee, *if* the lessor consents:

> (2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, *at its option* [italics added], notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
>
> \* \* \*

B. <u>Notice Provisions:</u>

Code § 521(a)(6) provides that an individual debtor under Chapter 7 may

> not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in party by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under

---

[4] Section 365(p)(1): "If a lease of personal property is rejected or not timely assumed by the trustee under section (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated."

Page 6 - MEMORANDUM OPINION

§ 341(a) either –

            (a) enters into an agreement with the creditor
        pursuant to § 524(c) with respect to the claim secured
        by such property; or
            (b) redeems such property from the security
        interest pursuant to § 722....

This provision is brought to bear with respect to personal property leases by § 521(d):

            (d) If the debtor fails timely to take the action
        specified in subsection (a)(6) of this section, or in
        paragraphs 1 and 2 of § 362(h) [requiring performance
        of duties under § 521(a)(2)] with respect to property
        which a lessor or bailor owns and has leased...nothing
        in this title shall prevent or limit the operation of
        a provision in the underlying lease or agreement that
        has the effect of placing the debtor in default under
        such lease or agreement by reason of the occurrence,
        pendency, or existence of a proceeding under this
        title or the insolvency of the debtor. Nothing in
        this subsection shall be deemed to justify limiting
        such a provision in any other circumstance.

Read together, these Code provisions require the following actions of a debtor wishing to assume an unexpired lease of personal property:

    1. The debtor must, within 45 days of the petition for relief, file a statement of the debtor's intention to assume the lease; and

    2. Assuming the trustee does not assume the lease within 60 days of the order for relief, the debtor must then notify the creditor in writing of the debtor's desire to assume the lease.

Whatever the debtor's intentions, the leased property is no longer property of the estate unless the trustee elects to assume the lease. Absent assumption by the trustee, continuation of the lease by the debtor is, under § 365(p)(1), at the option of the lessor.
// // //

Page 7 - MEMORANDUM OPINION

In this case, the Debtors did not fulfill the notice requirement by giving notice of their intention to assume the lease. While the Debtors' execution and delivery to Defendants of an agreement to reaffirm the lease may have satisfied the notice requirement of Code § 365(p)(2)(A), the Code does not require a lessor to accept a debtor's offer to assume.

To summarize: Plaintiffs failed to comply with the Code's requirements that they put the Defendant on notice of their intention to assume the lease. Even if the tendered reaffirmation satisfied their obligation to notify the lessor of their intention to assume after the trustee rejected the lease, the Defendants were within their rights to decline to have the lease assumed. The lease was not subject to the automatic stay or discharge injunction, and the Defendants were entitled as a matter of law to assert their rights under non-bankruptcy law to recover the leased property. Plaintiffs' amended complaint fails to state a claim, and Defendants' motion to dismiss must be allowed.

## V. CONCLUSION

Repossession of the vehicle occurred after the leased vehicle ceased to be property of the estate and after the Debtors' discharge was entered and their bankruptcy case closed. In light of the fact that the Plaintiffs' claims under the bankruptcy law cannot be sustained, the Court lacks jurisdiction, either "related to" or "supplemental," to consider the state law claims. See In re Dumont, 581 F.3d 1104, 1118 (9th Cir. 2009).

// // //
// // //

Page 8 - MEMORANDUM OPINION

Case 10-06091-fra    Doc 37    Filed 09/13/10

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered dismissing the adversary proceeding.

FRANK R. ALLEY, III
Bankruptcy Judge